UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 19-cv-60728-BLOOM/Valle

JOSE GARCIA, LEDVIN ALARCON,
*and all others similarly situated under*
*219 U.S.C. § 216(b)*,

    Plaintiffs,

v.

J&J, INC., d/b/a EAGLE PAINTING,
JANET S. FIELD and JOHN H. FIELD,

    Defendants.
_____/

## ORDER ON MOTION FOR CONDITIONAL CERTIFICATION

**THIS CAUSE** is before the Court on Plaintiffs Jose Garcia and Ledvin Alarcon's (together, "Plaintiffs") Motion for Conditional Certification and Facilitation of Court-Authorized Notice, ECF No. [21] ("Motion"), filed on May 7, 2019. Defendants J&J, Inc., Janet S. Field and John H. Field (collectively, "Defendants") filed a response, ECF No. [27] ("Response"), to which Plaintiffs filed a reply, ECF No. [29] ("Reply"). The Court has carefully reviewed the Motion, all supporting and opposing filings, the record in this case and the applicable law, and is otherwise fully advised. For the reasons that follow, the Court grants in part Plaintiffs' Motion.

    **I.    BACKGROUND**

Plaintiffs filed this action, on behalf of themselves and all others similarly situated, alleging that Defendants failed to provide overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Plaintiffs were employed by the Defendants as painters – Plaintiff Garcia from 2012 until November 2018 and Plaintiff Alarcon from 2005 until November 2018 -- and were deprived of overtime compensation in accordance with the FLSA on more than

one occasion. Ultimately, Plaintiffs seek compensation for unpaid wages and overtime, liquidated damages, attorneys' fees and costs, and all recoverable interest. *See generally*, ECF No. [1]. In the Motion, Plaintiffs request conditional certification of a collective action and facilitation of notice to members of the putative class.

## II. LEGAL STANDARD

The FLSA permits a plaintiff to bring a collective action on behalf of similarly-situated persons subject to the requirement that prospective plaintiffs file a written consent in the court where the action is brought. *See* 29 U.S.C. § 216(b); *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1216 (11th Cir. 2001). In the interest of judicial economy, district courts have discretionary power to authorize the sending of notice to potential class members. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989). But notice should only be authorized in appropriate cases. *Haynes v. Singer Co.*, 696 F.2d 884, 886 (11th Cir. 1983).

In order to grant conditional certification of a collective action, the Court must, at a minimum, satisfy itself that there are other employees who (1) are similarly situated with regard to their job requirements and pay provisions, and who (2) desire to opt-in to the case. *Dybach v. Fla. Dep't of Corrs.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). With respect to the first requirement, the plaintiff bears the burden of proving that he and the class he seeks to represent are similarly situated. *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996). To evaluate whether a plaintiff has demonstrated the existence of a similarly-situated class, courts in the Eleventh Circuit utilize a two-tiered procedure that recognizes distinct burdens at different stages of the litigation process. *Cameron-Grant v. Maxim Healthcare Servs.*, 347 F.3d 1240, 1243 (11th Cir. 2003) (citing *Hipp*, 252 F.3d at 1218 and collecting cases). The first tier is referred to as the notice stage. *Id.* at 1243 n.2 (quoting *Hipp*, 252 F.3d at 1218). In pertinent part,

> [a]t the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard and typically results in conditional certification of a representative class. If the district court conditionally certifies the class, putative class members are given notice and the opportunity to opt-in. The action proceeds as a representative action throughout discovery.

*Id.*

With respect to the second requirement, a plaintiff must show that there are employees who would opt-in if given notice. *Mackenzie v. Kindred Hosps. E., L.L.C.*, 276 F. Supp. 2d 1211, 1220 (M.D. Fla. 2003) ("[A] showing that others desire to opt-in must be made before notice is authorized.") (citations omitted). Based on this showing, a "district court should satisfy itself that there are other employees of the department-employer who desire to 'opt-in' . . . ." *Dybach*, 942 F.2d at 1567. The plaintiff also bears the burden of producing evidence demonstrating aggrieved individuals exist within the proposed class. *Haynes*, 696 F.2d at 888 (holding that the district court properly declined to authorize notice to a prospective class, where the only evidence presented was counsel's assertions that FLSA violations were widespread and that additional plaintiffs would come from other stores). If the plaintiff does not satisfy his burden, the Court should decline to certify a collective action to "avoid the 'stirring up' of litigation through unwarranted solicitation." *White v. Osmose, Inc.*, 204 F. Supp. 2d 1309, 1318 (M.D. Ala. 2002) (quoting *Brooks v. BellSouth Telecomms., Inc.*, 164 F.R.D. 561, 567 (N.D. Ala. 1995)).

### III. DISCUSSION

#### A. Evidence Employees Desire to Opt-In

Plaintiffs must first show a reasonable basis for the existence of other potential opt-in plaintiffs. "The existence of just one other co-worker who desires to join in is sufficient to raise

the plaintiff's contention beyond one of pure speculation . . . . Courts in this district have conditionally certified classes with as few as two affidavits from potential plaintiffs." *Rojas v. Garda CL Se., Inc.*, 297 F.R.D. 669, 677 (S.D. Fla. 2013). Defendants argue that Plaintiffs fail to make such a showing because no other individual has filed a notice of consent to opt-in or an affidavit, and the Plaintiffs fail to identify any other potential class members other than in a conclusory statement made in the Motion. The Court disagrees.

*Santiago v. Mid-South Painting, Inc.*, No. , 2011 WL 3418252, at *4-5 (S.D. Fla. Aug. 3, 2011), cited by Plaintiffs, is particularly instructive. In *Santiago*, the plaintiff filed a single declaration—his own—in which he stated his belief that others would opt-in. *Id*. The defendant argued, as Defendants do here, that this was insufficient to satisfy plaintiff's burden of demonstrating a reasonable basis that others desired to opt-in. The court acknowledged that while the plaintiff's statement alone would normally be insufficient, coupled with evidence of a common payroll policy or scheme, a plaintiff's burden could be met. *Id.* (citing *Mackenzie*, 276 F. Supp. 2d at 1220 and *Mooney v. Advanced Disposal Servs*., No. 3:07-cv-1018-WKW, 2008 WL 3843550, at *2 (M.D. Ala. Aug. 14, 2008)).

In support of the assertion that there are additional individuals who desire to opt-in and to demonstrate a common payroll policy or scheme, Plaintiffs have provided their own declarations and the deposition testimony of Defendant John Field. In relevant part, Plaintiff Garcia asserts that he has personal knowledge of other individuals employed by Defendants who would be willing to join, ECF No. [21-1], ¶ 33. In addition, Plaintiff Garcia describes how he and other painters were not paid overtime for working overtime hours, asserts that the company intentionally underreported hours, and describes in detail three ways in which Defendants deprived painters of overtime wages. ECF No. [21-1], ¶¶ 23-32. Plaintiff Garcia also provides numerous pay stubs

attached to his declaration purporting to show that hours were intentionally underreported on payroll, and overtime hours were improperly paid on the side as straight time, ECF No. [21-1], Addendum D. Plaintiff Alarcon also describes how he and other current and former painters were also subjected to "Defendant's unlawful pay practices." ECF No. [21-2]. Both Plaintiffs further assert that Defendants arbitrarily reduced the employees' pay, expected employees to arrive to work an hour earlier without compensating employees for that time, and simply refused to pay employees overtime wages despite the time records indicating the employees had worked overtime hours. ECF No. [21-1], ¶¶ 29-32; ECF No. [21-2], ¶¶ 14-18. Indeed, Defendant John Field admitted at his deposition that the company did not conduct any type of analysis to determine that painters working in excess of forty hours were not otherwise entitled to overtime, *see* ECF No. [29] at 23.

Defendants fail to controvert the evidence provided by Plaintiffs. *See Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996) ("Plaintiffs may meet [their] burden, which is not heavy, by making substantial allegations of classwide discrimination, that is, detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary.") (internal quotations and citation omitted). Plaintiffs have submitted sufficient evidence of a common payroll policy or scheme. *Tucker v. Labor Leasing, Inc.*, 872 F. Supp. 941, 947-48 (M.D. Fla. 1994). As such, Plaintiffs have, at this stage, met their burden of demonstrating the existence of additional opt-in plaintiffs. *Santiago*, 2011 WL 3418252, at *5 (granting conditional certification because plaintiff's declaration specifically stated personal knowledge of others interested in joining the lawsuit, and evidence of common payroll policy or scheme).

### B. Plaintiffs are Similarly Situated to the Proposed Class

In addition to showing that there are others desiring to opt-in, Plaintiffs at the notice stage must also show that there are others who are similarly situated. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260 (11th Cir. 2008). In determining whether employees are similarly situated, the Court must consider whether the employees are similar with respect to their job requirements and pay provisions. *Dybach*, 942 F.2d at 1567-68. Plaintiffs only need to demonstrate that their position is similar, not identical, to the positions held by other putative plaintiffs. The Court commonly considers five factors in making the similarly situated determination including: (1) whether the plaintiffs held the same job title; (2) whether they worked in the same geographic location; (3) whether the alleged violations occurred during the same time period; (4) whether plaintiffs were subjected to the same policies and practices, and whether the policies and practices were established in the same manner and by the same decision maker; and (5) the degree to which the actions constituting the claimed violations are similar. *Smith v. Tradesman Int'l, Inc.*, 289 F. Supp. 2d 1369, 1372 (S.D. Fla. 2003).

Defendants argue that Plaintiffs cannot make the necessary showing because they must show that there is some commonality of potential claims beyond job duties and pay provisions. Moreover, Defendants state that even if Plaintiffs could make such a showing, all similarly situated individuals have already been fully compensated through an investigation of the Defendants supervised by the Department of Labor ("DOL"). The Court considers each argument in turn.

First, the Court examines the similarities between the proposed class and Plaintiffs using the five factors identified in *Smith*. Plaintiffs' evidence demonstrates that: (1) they held the same job title (painters) as the proposed class members; (2) they worked at the same geographic location—Defendants' shop, Eagle Painting; (3) the events occurred at generally the same time,

between March 20, 2016 through March 20, 2019; (4) the decision maker (Janet Field) and policies were the same; and (5) the FLSA violations they endured are substantially similar to those experienced by the proposed class. Upon review, there is little doubt that all five factors weigh in favor of the Plaintiffs. *Smith*, 289 F. Supp. 2d at 1372; *see also Dybach*, 942 F.2d at 1567-68 (stating that the Court decides a motion for conditional certification based on employees being "similarly situated with respect to their job requirements and with regard to their pay provisions"); *Hipp*, 252 F.3d at 1218 (stating that the court decides motion for conditional certification "based only on the pleading and any affidavits which have been submitted"); *Pendlebury v. Starbucks Co.*, No. 04–CV–80521, 2005 WL 84500, at *3 (S.D. Fla. Jan. 3, 2005) (granting conditional certification and finding factual disputes to be inappropriate at the conditional notification stage where plaintiff offered affidavits establishing a similarly situated class).

Nevertheless, Defendants argue that because of the DOL investigation in 2018 and the resulting requirement that the Defendants pay back wages to current and former painters for the time period between November 23, 2016 through January 24, 2019, Plaintiffs cannot make the requisite showing. Defendants' argument fails for several reasons. First, Defendants concede that a few months of further potential recovery remains even for painters compensated for unpaid overtime as a result of the DOL investigation. Second, Defendants fail to provide case law to support the argument that the DOL investigation precludes these employees from recovering for the unaccounted months, if they so desired.[1] Finally, the DOL investigation is not relevant to

---

[1] Furthermore, the Court takes judicial notice of *Henriquez v. J & J, Inc. d/b/a Eagle Painting*, Case No. 18-cv-62858-JEM, in which Defendants were sued by another painter for unpaid overtime wages under the FLSA, undercutting Defendants' argument that all individuals have been fully compensated through the DOL investigation. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999) (court may take judicial notice of public filings "for the purpose of determining what statements the documents contain and not to prove the truth of the documents' contents"); *Universal Express, Inc. v. U.S. SEC*, 177 F. App'x 52, 53 (11th Cir. 2006) (courts may take judicial notice of public records, such as a complaint filed in another court).

establishing whether or not Plaintiffs are similarly situated, but rather constitutes an improper argument on the merits. *See Pares v. Kendall Lakes Auto., LLC*, No. 13-20317-CIV, 2013 WL 3279803, at *4 (S.D. Fla. June 27, 2013) ("[C]ourts do not review the underlying merits of the action" when deciding whether to conditionally certify a proposed class for notification purposes only).

As such, Defendants cannot overcome the finding that Plaintiffs are similarly situated to the proposed class at this stage of the proceedings.

### C. The Proposed Class Notice

Having concluded that conditional certification is appropriate, the Court must next consider related questions of discovery, notice to potential opt-in plaintiffs and consent to join. In the Motion, Plaintiff requests that the Court grant expedited discovery from Defendants, consisting of a list of the names, addresses, and email addresses of all individuals within the class within ten days from an Order entered by the Court. Defendants do not address the request. The Court finds such a request reasonable and necessary to provide appropriate notice to all potential opt-in plaintiffs.

Plaintiffs also request that the Court approve the notice of collective action and consent to join, attached to the Motion. *See* ECF No. [21-4] ("Notice and Consent"). Defendants have also failed to address this request. However, the Court declines to approve the Notice and Consent for the various reasons that follow and requires that the parties submit a revised form of Notice and Consent for the Court's approval.

First, the Consent improperly contains language in which opt-in plaintiffs agree to be represented by Plaintiffs' counsel. *See* ECF No. [21-4], ¶ 5. Such language must be removed as it does not give potential opt-in plaintiffs the right to choose their own attorney. The parties may

8

instead submit a proposed Consent that gives opt-in plaintiffs the ability to fill in the name of their selected counsel.

Second, the Notice does not include Defendants' counsel's contact information. A court-authorized notice in a collective action should prevent the dissemination of "misleading communications" while being "timely, accurate, and informative." *Gonzalez v. TZ Ins. Sols., LLC*, No. 8:13-CV-2098-T-33EAJ, 2014 WL 1248154, at *5 (M.D. Fla. Mar. 26, 2014) (quoting *Hoffmann-La Roche*, 493 U.S. at 171). With those principles in mind, courts often include the contact information for both plaintiff's counsel and defense counsel in the notice. *See Lockwood v. CIS Servs., LLC*, No. 3:16-cv-965-J-39PDB, 2017 WL 6335955, at *4 (M.D. Fla. Sept. 25, 2017) ("In the interest of full disclosure to the potential class members who will receive the Notice, the Court directs Plaintiff to add the following information to the Notice: 1. Defense counsels' name and contact information."); *Leo v. Sarasota Cty. Sch. Bd.*, No. 8:16-CV-3190-T-30TGW, 2017 WL 477721, at *3 (M.D. Fla. Feb. 6, 2017) ("The Court also agrees that the School Board's counsel's information should be included."); *Gonzalez*, 2014 WL 1248154, at *5 ("The Court agrees with TZ Insurance that Defense Counsel's name and contact information should be included in the notice in the interest of full disclosure to the notice recipients."). The Court finds that, in the interest of providing complete information to potential opt-in plaintiffs, the Notice should contain the contact information for both Plaintiffs' counsel and Defendants' counsel while clearly identifying who represents each side to avoid any confusion.

Third, the Notice does not disclose the potential liability for attorney's fees and costs should individuals opt-in as plaintiffs and not prevail. The Eleventh Circuit has explained that "in exceptional circumstances a defendant can recover attorney's fees [in FLSA cases] when the plaintiff brings a suit in bad faith." *Mayer v. Wall St. Equity Grp., Inc.*, 514 F. App'x 929, 932

(11th Cir. 2013); *Turlington v. Atlanta Gas Light Co.,* 135 F.3d 1428, 1437 (11th Cir. 1998) ("[T]his court has held that the FLSA entitles a prevailing defendant to attorney's fees only where the district court finds that the plaintiff litigated in bad faith"). Federal Rule of Civil Procedure 54(d)(1) also allows a prevailing party to recover his or her taxable costs against the non-prevailing party. Significantly, in Defendants' Answer, ECF No. [13], Defendants have demanded relief in the form of dismissal with prejudice of Plaintiffs' claims, taxation of costs and reservation of jurisdiction to consider a motion for attorneys' fees. In the interest of providing an accurate and informative notice to potential opt-in plaintiffs, the Court finds it necessary to inform them of the potential liability for costs and attorney's fees should they not prevail in this action. *See Lockwood*, 2017 WL 6335955, at *4 (requiring that notice to potential opt-in members disclose that the defendants may attempt to recover their costs if there is no judgment in the plaintiffs' favor); *Compagnone v. DL Pool Serv., LLC*, No. 2:15-cv-647-FtM-99MRM, 2016 WL 6575087, at *6 (M.D. Fla. Nov. 7, 2016) ("The notice should warn potential class members that, should DL prevail, all class members may be held responsible for DL's attorney's fees and defense costs."); *Desimoni v. TBC Corp.*, No. 2:15-CV-366-FTM-99CM, 2016 WL 8969196, at *7 (M.D. Fla. Apr. 25, 2016), *report and recommendations adopted*, No. 2:15-CV-366-FTM-99CM, 2016 WL 3626218 (M.D. Fla. July 7, 2016) (requiring that the notice be amended to inform potential plaintiffs that they may be responsible for the defendant's attorney's fees and costs if they are unsuccessful); *Czopek v. TPC Retail Grp., Inc.*, No. 8:14-cv-675-T-36TBM, 2015 WL 4716230, at *11 (M.D. Fla. Aug. 7, 2015) ("Thus, the Form should notify plaintiffs that they may be liable for attorneys' fees and costs if there is no judgment in their favor."); *Rojas*, 297 F.R.D. at 681 ("But unless named Plaintiffs choose to separately enter into agreements with the opt-ins that waive their liability for attorney's fees, these opt-ins may indeed be liable for attorney's fees and

costs . . . . Thus, the Form should notify plaintiffs that they may be liable for attorney's fees and costs if there is no judgment in their favor and the Court concludes that they litigated in bad faith."). Consistent with the above, the revised Notice shall contain language disclosing the potential liability for costs and attorney's fees.

Fourth, the Notice fails to inform potential opt-in plaintiffs that they may be required to participate in discovery or trial and to appear in court. *See Czopek*, 2015 WL 4716230, at *11 (finding proposed notice insufficient when it did "not inform the potential opt-in plaintiffs that they may be required to participate in discovery or trial and, therefore, may be called to physically appear [ ] in the Middle District of Florida."). For that reason, the Notice shall be amended to inform opt-ins of the potential requirement to participate in discovery, and, to the extent that travel may be required by some opt-in plaintiffs, that they may be required to appear for trial in Miami.

Fifth, the Consent contains inappropriate language authorizing Plaintiffs' counsel to reuse the form to re-file the claim in a separate or related action against Defendants if this action is later decertified. There is no guarantee that another collective action against Defendant, whether related to this action or not, will involve the same job titles or responsibilities, the same time frames, the same alleged FLSA violation, or the same class definition. *See Rojas*, 297 F.R.D. at 681 ("[T]he notion that Plaintiffs may reuse consent forms in separate actions that, no matter how related, are likely to involve different claims or different class definitions is untenable. Accordingly, Plaintiffs shall delete this language from the Consent Forms."). As such, the revised Consent form shall not contain that language.

Sixth, other than mentioning several times that the statute of limitations continues to run on potential opt-in plaintiffs' claims, Plaintiffs have not proposed a time period during which they will provide notice and obtain consents from opt-in plaintiffs.

11

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion, **ECF No. [21]**, is **GRANTED IN PART.**

2. The Court conditionally certifies the following collective action under § 216(b) of the Fair Labor Standards Act: "All individuals that: 1) performed work for Eagle Painting as painters, 2) worked more than forty hours in one or more workweeks from March 20, 2016 through March 20, 2019 (the "Relevant Period"), and were not paid at time-and-a-half their regular rate of pay for all hours worked above forty (40) in any workweek during the Relevant Period."

3. Defendants shall produce a list in Excel spreadsheet format containing the names of all individuals who worked for Defendants as painters from March 20, 2016 through March 20, 2019, along with each person's last known mailing address and email address, if known (the "Class List), **no later than ten (10) days from the date of this Order**. Upon delivery of the Class List, Defendants shall promptly file a Notice of Compliance with this part of the Court's Order.

4. The parties shall jointly file for the Court's approval a revised Notice and Consent consistent with this Order **no later than two (2) weeks from the date of this Order**. The parties shall also propose a timeline for providing notice and obtaining consent from opt-in plaintiffs for the Court's consideration.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 30, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record