**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 19-cv-60728-BLOOM/Valle**

JOSE GARCIA, LEDVIN ALARCON,
*and all others similarly situated under*
*219 U.S.C. § 216(b)*,

      Plaintiffs,

v.

J&J, INC., d/b/a EAGLE PAINTING,
JANET S. FIELD and JOHN H. FIELD,

      Defendants.
_____/

**ORDER ON PLAINTIFFS' MOTION IN LIMINE**

**THIS CAUSE** is before the Court upon Plaintiffs' Motion *in Limine*, ECF No. [110] ("Motion"). The Court has considered the Motion, all opposing and supporting filings, the record in this case and the applicable law, and is otherwise duly advised.

The parties' familiarity with the facts of the case is assumed. Plaintiffs move *in limine* to exclude from trial any testimony or other evidence of the following:

    A. Any and all references to any prior arrests and/or criminal history and/or *nolo contendere* pleas regarding Jose Garcia;

    B. Any and all references to any prior arrests and/or criminal history regarding Jonathan Quincy Oliver;

    C. Any and all references to the Department of Labor's ("DOL") decision to refrain from issuing post-investigation liquidated damages penalties against J&J, Inc. and any reference or argument that this decision means, or otherwise leads to the conclusion,

        that J&J, Inc. acted in good faith and that liquidated damages are unavailable at trial; and,

    D. Any reference to the fact that the Motion has been filed or any ruling by the Court in response to Motion, suggesting or inferring to the jury that Plaintiffs have moved to prohibit certain matters from being heard by jurors, or that the Court has excluded certain matters from the hearing of the jury.

The Court addresses each in turn.

## I. LEGAL STANDARD

"In fairness to the parties and their ability to put on their case, a court should exclude evidence in limine only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *In re Seroquel Products Liab. Litig.*, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009).

Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence. Fed. R. Evid. 401, 402; *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013). A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *Patrick*, 513 F. App'x at 886 (citing *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011) and *United States v.*

*Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010)). The movant has the burden to demonstrate that the evidence is inadmissible. *Gonzalez*, 718 F. Supp. 2d at 1345.

Through this lens, the Court considers the Motion.

## II.     DISCUSSION

### A.  Jose Garcia's *nolo contendere* plea

Plaintiffs request that the Court exclude evidence of a *nolo contendere* plea entered by Plaintiff Garcia in connection to a charge of conspiracy to commit mortgage fraud as hearsay, and pursuant to Rule 410 of the Federal Rules of Evidence. In response, Defendants argue that because they contend that Garcia's claims are fabricated and the crimes to which he pled *nolo contendere* involve fraud, corruption, deceit, and dishonesty, evidence regarding the plea is directly relevant to his propensity for telling the truth.

The Rules of Evidence provide that a *nolo contendere* plea is not admissible "[i]n a civil or criminal case, . . . against the defendant who made the plea or participated in the plea discussions[.]" Fed. R. Evid. 410. Moreover, "[e]vidence of a final judgment of conviction if [] the judgment was entered after a trial or guilty plea, but not a nolo contendere plea" is not excluded by the rule against hearsay. Fed. R. Evid. 803(22). The Florida Supreme Court has recognized that "[a] plea of *nolo contendere* does not admit the allegations of the charge in a technical sense but only says that the defendant does not choose to defend . . . . It is merely a formal declaration that the accused will not contest the charges with the prosecutor and is in the nature of a compromise between the state and the accused." *Vinson v. State*, 345 So. 2d 711, 715 (Fla. 1977); *see also United States v. Flowers*, 664 F. App'x 887, 888-89 (11th Cir. 2016) (citing *United States v. Williams*, 642 F.2d 136, 139 (5th Cir. 1981)).

3

However, the Rules of Evidence also provide that "for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving – or the witness's admitting – a dishonest act or false statement." Fed. R. Evid. 609(a)(2). In fact, Rule 609 "creates no difference between convictions according to the pleas that preceded them." *United States v. Williams*, 642 F.2d 136, 138-39 (5th Cir. 1981).[1] Rule 609 requires admission of prior felony convictions for the limited purpose of attacking truthfulness unless Rule 403 dictates otherwise. Here, Plaintiffs argue that this is a FLSA case involving a disputed number of hours worked by Plaintiffs, and if Defendants are permitted to elicit testimony regarding Garcia's criminal history, it would constitute unfair prejudice. The Court disagrees.

While evidence of the plea may not be admissible as substantive evidence, "pleas of *nolo contendere* are the equivalent of a 'conviction' for purposes of Rule 609 and . . . they are admissible depending on the facts of each case." *Bejerano v. Flex Fla. Corp*. No. 18-20049-Civ-TORRES, 2019 WL 5457074, at *4 (S.D. Fla. Oct. 24, 2019). "Factors to consider include the remoteness of the conviction, the nature of the past crime, and the need for using the prior conviction." *Id*. (citing *United States v. Cathey*, 591 F.2d 268, 276 (5th Cir. 1979)). Here, the factors do not weigh in favor of exclusion. First, the plea occurred six years ago, which is not so remote in time as to not be relevant. *See* Fed. R. Evid. 609(b) ("This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect[.]"). Second, Plaintiffs do not contest Defendants' contention that the charges to which Garcia pled *nolo*

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981).

*contendere* involve fraud, corruption, deceit, or dishonesty, and as such, bear directly upon Garcia's character for truthfulness. Third, Defendants contend that Garcia's FLSA claims in this case are false, and that the *nolo contendere* plea should be admissible for purposes of impeachment in defense of his claims. While evidence of the plea itself is not admissible as substantive evidence, a plea of *nolo contendere* does not "protect the facts underlying the prior conviction from admission." *Flowers*, 664 F. App'x at 889 (citing *United States v. Wyatt*, 762 F.2d 908 (11th Cir. 1985). Thus, the Court will not categorically exclude any evidence with respect to the facts underlying Garcia's conviction at this juncture.

### B. Jonathan Quincy Oliver's prior arrests or criminal history

The Defendants represent that they do not intend to introduce such evidence.

### C. References to the Department of Labor's Investigation

Defendants were the subject of a DOL investigation that covered the time period of November 8, 2016 through November 7, 2018, which falls directly within the statute of limitations period in this case. Twenty-five (25) of Defendants' current and/or former painters received compensation for overtime wages as a result of the DOL investigation. The DOL determined that Defendants owed certain sums to individual painters for overtime wages that were not paid at time and a half. The DOL assessed back wages for the overtime compensation payments ***only***, and specifically did not assess liquidated damages when calculating the amount defendants owed to each individual painter. The Plaintiffs seek to preclude this information on the basis that the imposition of liquidated damages is mandatory in a FLSA case and Defendants should not be permitted to introduce this evidence to argue that liquidated damages cannot or should not be awarded in this case.

In response, the Defendants argue that this information is highly probative, including the investigation's conclusion that no willful violation was found. Moreover, Defendants argue that the fact that the DOL specifically did not find Defendant J&J's actions to be willful is relevant to its defense that Defendants' actions were in good faith. Moreover, Defendants argue that they should be permitted to introduce evidence to that effect, in addition to the wage receipts for payment of back wages, liquidated damages, employment benefits and other compensation that the individual painters signed as a result of the DOL investigation. Upon review, the Court determines that evidence of the DOL investigation is relevant to the good-faith defense and not outweighed by the risk of prejudice.

Indeed, in a FLSA case, "if there is a verdict for the employee, the willfulness or good faith question is answered again by the judge to determine whether to award liquidated damages." *Pena v. Handy Wash, Inc*., 114 F. Supp. 3d 1239, 1240 (S.D. Fla. 2015) (quoting *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1162 (11th Cir. 2008)). However, this does not mean that the Court must make such a determination upon a pretrial motion *in limine*. "[T]he district court has discretion to reduce or deny liquidated damages 'if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the FLSA." *Morgan v. Family Dollar Stores, Inc.* 551 F.3d 1233, 1282 (11th Cir. 2008) (quotation, citation, and alterations omitted). Plaintiffs have not made a sufficient showing of prejudice such that the Court will exclude evidence under Rule 403 that is relevant to one of Defendants' defenses.

### D. Reference to the Motion or relief sought

The Defendants represent that they do not intend to introduce such evidence.

## III.     CONCLUSION

Based on the foregoing the Plaintiffs' Motion, **ECF No. [110]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 14, 2020.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record