UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 0:19-cv-60728-BB (Bloom/Valle)

JOSE GARCIA, LEDVIN ALARCON,
and all others similarly situated under
29 U.S.C. §216(b),

    Plaintiffs,

vs.

J & J, INC. d/b/a EAGLE PAINTING,
a Florida corporation, JANET S. FIELD, individually,
and JOHN H. FIELD, individually,

  Defendants.
_____/

## **PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISQUALIFY MAGISTRATE JUDGE**

Plaintiffs, by and through undersigned counsel, hereby file this response to Defendants' Motion to Disqualify Magistrate Judge (the "Disqualification Motion") and state:

### **OPERATIVE FACTS**

1. Magistrate Judge Valle presided over a settlement conference in this matter that took place on July 11, 2019—**approximately six (6) months ago**.

2. The settlement conference took place <u>before</u> this matter was certified as a collective action under the FLSA.

3. Certification was granted by this Court on July 31, 2019.  [DE 32].

1 | P a g e

PERERA BARNHART ALEMÁN
12401 Orange Drive· Suite 123 · Davie, FL 33330 · Phone (786) 485.5232
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134 · Phone (786) 485.5232
www.pba-law.com

4. Five additional opt-ins joined this lawsuit after certification.

5. Defendants did not move to disqualify Judge Valle after the settlement conference.

6. On September 17, 2019, Judge Valle entered an Order Setting Hearing on Discovery Motions to take place on September 26, 2019 (the "Hearing").

7. Defendants did not move to disqualify Judge Valle from resolving the discovery disputes.

8. At the discovery hearing, Judge Valle addressed three separate motions.

9. One of the motions was Plaintiff's Motion to Overrule Defendants' Objections and Compel Documents. *See* [DE 45].

10. During the Hearing, Defendants were ordered to produce a large number of documents (that turned out to be thousands of documents) concerning individuals identified on the class list provided by defendants following certification of this collective FLSA action.

11. Defendants disagreed with Judge Valle's ruling and suggested, on the record, that Defendants would likely appeal the discovery ruling. Judge Valle advised Defendants that they were free to appeal the ruling if they desired to do so.

12. Defendants never appealed.

2 | P a g e

PERERA BARNHART ALEMÁN
12401 Orange Drive· Suite 123 · Davie, FL 33330 · Phone (786) 485.5232
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134 · Phone (786) 485.5232
www.pba-law.com

13. During the Hearing, Judge Valle also addressed Defendants' Expedited Motion for Protective Order (the "MPO") [DE 60] and two affidavits prematurely filed with the Court [DE 58] "in support of" but before the MPO was filed.

14. The affidavits and MPO made troubling and baseless allegations against Plaintiffs' counsel.

15. Judge Valle struck the affidavits and denied the MPO. [DE 72].

16. Judge Valle also noted, on the record, that Defendants would not be entitled to recover any fees associated with the MPO in the event Defendants are ever awarded fees in this case.

17. As part of the Hearing, Judge Valle also addressed Plaintiff's Motion for Expedited Discovery, which was granted in part and denied in part. [DE 73].

18. Plaintiffs' respectfully submit Defendants' Disqualification Motion is likely rooted in displeasure over Judge Valle's prior discovery rulings.

## **MEMORANDUM OF LAW**

Pursuant to 28 U.S.C. § 455(a), recusal is appropriate only if "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (quotation omitted). This Court has explained that a "judge's impartiality must reasonably be questioned for the judge to recuse because there is the need to prevent parties from... manipulating the system for strategic reasons, perhaps

**3 |** P a g e

PERERA BARNHART ALEMÁN
12401 Orange Drive· Suite 123 · Davie, FL 33330 · Phone (786) 485.5232
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134 · Phone (786) 485.5232
www.pba-law.com

to obtain a judge more to their liking." *Gould v. Fla. Atl. Univ. Bd. of Trs.*, 2011 U.S. Dist. LEXIS 167848, at *10-11 (S.D. Fla. Oct. 25, 2011).

Generally, "an allegation of bias sufficient to require disqualification under . . . [§] 455 must demonstrate that the alleged bias is personal as opposed to judicial in nature." *United States v. Meester*, 762 F.2d 867, 884 (11th Cir. 1985). Bias must stem from an extrajudicial source unless "such pervasive bias and prejudice is shown by otherwise judicial conduct as would constitute bias against a party" *Id.* at 885 (quotation omitted). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994).

Defendants Disqualification Motion is devoid of allegations suggesting any bias, much less personal bias. In addition, to the extent Defendants take issue with Judge Valle's prior rulings in this case, such "judicial rulings" do not lend any support in favor of disqualification. There is nothing in the Disqualification Motion otherwise raising "significant doubt about [Judge Valle's] impartiality."

The Committee on Codes of Conduct language cited by Defendants does not alter the operative legal standard and is otherwise unhelpful to Defendant. The language cited by Defendants notes that the central concern is a "judges decisionmaking during [subsequent **factfinding** proceedings]." Resolving a fee dispute is not a "factfinding" proceeding. Judge Valle will not decide the merits in the case, assess credibility, or otherwise determine the veracity of Plaintiff's

**4 |** P a g e
PERERA BARNHART ALEMÁN
12401 Orange Drive· Suite 123 · Davie, FL 33330 · Phone (786) 485.5232
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134 · Phone (786) 485.5232
www.pba-law.com

allegations. Judge Valle will simply determine the amount of fees and costs that should be awarded to Plaintiffs' counsel.

Judge Valle's historical involvement in this case is an asset at the fee-analysis stage, not a detriment. Judge Valle is the best possible magistrate judge to determine the reasonableness of the fees in this matter; she is the only magistrate judge that has lived this case. Hauling in a magistrate judge with no historical involvement in this case is antithetical to the mission at hand—trying to determine whether the time spent in pursuing Plaintiffs' claims was justifiable.

As this Court is aware, magistrate judges in this jurisdiction are routinely called upon to conduct settlement conferences in FLSA matters. These very same magistrate judges continue to play an important role after an unsuccessful settlement conference. One of these roles, for example, is to provide recommendations on the reasonableness of a settlement under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Disqualifying Judge Valle at this juncture runs counter to the standard practice of this Court and will set a dangerous precedent in this jurisdiction

Plaintiffs have no reason to doubt that Judge Valle is capable of resolving the current fee dispute without bias or partiality—even if she somehow remembers any part of the settlement conference that occurred more than six (6) months ago. The extraordinary remedy of disqualification is inappropriate under the current circumstances. This is particularly true since the current

**5 |** P a g e

PERERA BARNHART ALEMÁN
12401 Orange Drive· Suite 123 · Davie, FL 33330 · Phone (786) 485.5232
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134 · Phone (786) 485.5232
www.pba-law.com

circumstances (a seven (7) plaintiff collective action and 147 docket entries) are far different than those presented to Judge Valle at the settlement conference.

Date: February 11, 2020

        Respectfully submitted,

        By: <u>*/s/ J. Freddy Perera*</u>
        J. Freddy Perera, Esq.
        Florida Bar No. 93625
        freddy@pba-law.com
        **PERERA BARNHART ALEMAN**
        12401 Orange Drive, Suite 123
        Davie, Florida 33330
        Telephone: 786-485-5232
        *Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 11, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document was served via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on all counsel or parties of record on the Service List below.

        By: <u>*/ s/ J. Freddy Perera*</u>
        J. Freddy Perera, Esq.

**6 |** P a g e

PERERA BARNHART ALEMÁN
12401 Orange Drive· Suite 123 · Davie, FL 33330 · Phone (786) 485.5232
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134 · Phone (786) 485.5232
www.pba-law.com

**SERVICE LIST**

DANIEL R. LEVINE, ESQ.
Florida Bar No. 0057861
E-mail: DRL@PBL-Law.com
PADULA BENNARDO LEVINE, LLP
3837 NW Boca Raton Blvd., Suite 200
Boca Raton, FL 33431
Telephone: (561) 544-8900
Facsimile: (561) 544-8999