UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-CV-60728- BLOOM/VALLE

JOSE GARCIA, *and all
others similarly situated
under 29 U.S.C. § 216(b)*,

      Plaintiffs,

v.

J & J, INC.,  a Florida
Corporation d/b/a
Eagle Painting, *et al.*,

      Defendants.

_____/

## <u>REPORT AND RECOMMENDATION TO DISTRICT JUDGE</u>

THIS MATTER is before the Court upon Plaintiffs' Motion in Support of Bill of Costs (ECF No. 152) and Plaintiffs' Verified Motion for Attorneys' Fees (ECF No. 155) ("Plaintiffs' Motion for Attorneys' Fees") (together, the "Motions").  Plaintiffs were represented by the law firm Perera Barnhart Aleman in connection with a collective action under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 216(b).  *See generally* (ECF No. 155).  United States District Judge Beth Bloom has referred the Motions to the undersigned for a Report and Recommendation.  (ECF No. 156).

Having reviewed the Motions, and being otherwise duly advised in the matter, the undersigned recommends that: (i) Plaintiffs' Motion for Attorneys' Fees be **GRANTED IN PART AND DENIED IN PART**; and (ii) Plaintiffs' Motion in Support of Bill of Costs be **GRANTED**.  As discussed below, the undersigned recommends that Plaintiffs' counsel be awarded a total of $159,273 in fees and $10,240 in costs.

## I.     BACKGROUND

On March 20, 2019, Plaintiffs Jose Garcia and Ledvin Alarcon filed this action on behalf of themselves and all others similarly situated, alleging that Defendants failed to provide overtime compensation, in violation of the FLSA.[1]  *See generally* (ECF No. 1).  The parties thereafter zealously litigated all aspects of this case until it settled on the eve of trial in January 2020.  *See* (ECF No. 145) (1/31/2020 Joint Notice of Settlement).  The record from commencement of the action to settlement is extensive and is briefly summarized as relevant to the instant Motions.[2]  Among the many issues vigorously litigated were: (i) whether the case should be conditionally certified as a collective action;[3] (ii) the form of Notice to be used in the collective action;[4]

---

[1] Plaintiffs Garcia and Alarcon worked as painters for Defendants.  *See generally* (ECF No. 1). Upon conditional certification to proceed as a collective action, the following individuals filed consents to join the action:  Jonathan Quincy Oliver, Walter Contreras, Alejandro Agudelo, Fernando Lopez, and Ramon Corrales (together with Garcia and Ledvin, "Plaintiffs").  (ECF Nos. 46, 48, 49, 50, 52).

[2] The litigious relationship between Plaintiffs and Defendants began before this lawsuit and goes beyond these proceedings.  For example, the history involves a prior investigation by the Department of Labor, and other litigation brought both in this District and in state court, which are discussed at length in the briefs.  *See generally* (ECF Nos. 155, 161, 170).  This Report and Recommendation, however, is limited to the proceedings underlying the Motions.  Accordingly, the undersigned need not address the ancillary arguments raised in the briefs.  *See generally* (ECF Nos. 161, 170) (discussing  historical settlement efforts and offers of judgments exchanged between the parties).

[3] The briefs on this issue were extensive.  Ultimately, the Court granted in part Plaintiffs' motion for conditional certification of a collective action.  *See* (ECF No. 21) (Plaintiffs' 20-page motion for conditional certification); (ECF No. 27) (Defendants' 11-page response opposing conditional certification); (ECF No. 29) (Plaintiffs' 26-page reply in support of conditional certification); (ECF No. 32) (Court's 13-page Order granting, in part, conditional certification as a collective action).

[4] Even after the Court conditionally certified the collective action, the parties vigorously disputed the form of proposed Notice to be distributed to putative class members, including whether the Notice should be translated to Spanish, the predominant language among putative class members. *See* (ECF No. 35) (Plaintiffs' revised Notice); (ECF No. 36) (Defendants' Response to Plaintiffs' Notice); (ECF No. 37) (Plaintiffs' Reply relating to Notice); (ECF No. 39) (Plaintiffs' Motion for Clarification relating to Notice); (ECF No.  41) (Defendants' opposition to Plaintiffs' Motion for Clarification); (ECF No. 43) (Plaintiffs' Reply relating to their Motion for Clarification).

(iii) numerous discovery matters, including motions to compel and motions for protective order;[5] and (iv) whether the proceedings should be stayed to compel arbitration of certain claims.[6]  The parties also attended Court-ordered mediation and two separate settlement conferences before Magistrate Judges in this District.[7]  As the case proceeded toward trial, the parties engaged in extensive trial preparation, including filing a Motion in Limine (ECF No. 110), Motion for Pretrial Conference (ECF No. 120), Voire Dire Questions (ECF Nos. 132, 133), Pretrial Stipulation (ECF No. 135), and attending a January 28, 2020 calendar call before the District Judge.  *See* (ECF No. 144).  Thereafter, just days before the scheduled trial date, the parties filed a Joint Notice of Settlement on January 31, 2020.[8]  (ECF No. 145).

---

[5] The parties filed various discovery motions and appeared before the undersigned for a discovery hearing in September 2019.  *See* (ECF No. 45) (Plaintiffs' Motion to Compel); (ECF No. 60) (Defendants' Motion for Protective Order Limiting Contact Between Plaintiffs and/or Plaintiffs' Counsel and Any Putative Opt-In Plaintiffs); (ECF 70) (9/26/2019 discovery hearing); (ECF No. 84) (Plaintiffs' Motion to Quash a subpoena served on Plaintiffs' employer); (ECF No. 87) (Court's Order granting in part Plaintiffs' Motion to Quash).

[6] Defendants moved to stay the proceedings and to compel arbitration for the claims of opt-in Plaintiffs Walter Contreras and Jonathan Oliver.  *See generally* (ECF No. 88).  After extensive briefing, the Court denied Defendants' motion to stay the proceedings and compel arbitration. (ECF No. 95) (Plaintiffs' 15-page response); (ECF No. 96) (Defendants' 11-page reply); (ECF No. 99) (Court's 9-page Order).

[7] The parties attended a Court-ordered settlement conference before the undersigned on July 11, 2019 (ECF No. 31), mediation with a private mediator on October 21, 2019 (ECF No. 90), and another settlement conference before a different Magistrate Judge on December 26, 2019 (ECF No. 114).  All three proceedings resulted in an impasse.

[8] The Joint Notice of Settlement indicated that "[a]s part of the settlement, the parties . . . agreed to consent to magistrate judge jurisdiction for *Lynn's Food* approval and for the determination of a reasonable fee and cost award."  (ECF No. 145).  Following the Settlement, however, Defendants moved to disqualify the undersigned, arguing that the case should be reassigned to a different Magistrate Judge to conduct a *Lynn's Food* fairness hearing.  *See generally* (ECF No. 147).  That motion was denied.  (ECF No. 149).  Ultimately, the District Judge conducted a *Lynn's Food* analysis and approved the Settlement Agreement.  *See generally* (ECF No. 151).

Following the Settlement, the instant Motions followed.  Specifically, Plaintiffs request $208,850 in attorneys' fees (ECF No. 170 at 19) and $10,240 in costs (ECF No. 152 at 4).[9] Pursuant to the Settlement Agreement, the parties agreed that the Court would determine reasonable attorneys' fees and costs.  Thus, entitlement to fees is undisputed and the only issue is the amount to be recovered.  In this regard, Defendants challenge Plaintiffs' counsel's hourly rate, the reasonableness of the hours expended, and propose an across-the-board reduction of 40% to the total number of hours expended in this action.  *See generally* (ECF No. 161); *see also* (ECF No. 161-9) (Lopez Declaration in Opposition to Plaintiffs' Verified Motion for Fees).  In addition, Defendants challenge three categories of costs.  *See generally* (ECF No. 153).

## II.   MOTION FOR ATTORNEYS' FEES

### A.  Entitlement to Attorneys' Fees

Under the "American Rule," litigants generally are not entitled to an award of attorney's fees for prevailing in litigation unless provided by statute or contract.  *See, e.g.*, *In re Martinez*, 416 F.3d 1286, 1288 (11th Cir. 2005).  Here, the FLSA provides for attorney's fees and costs to the prevailing party.  29 U.S.C. § 216(b) ("The court in [an FLSA action] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").  Moreover, in settling the action, the parties agreed that the Court would determine reasonable attorneys' fees and costs.  *See* (ECF No. 150-1 at 3) (Settlement Agreement and Mutual General Release).  Thus, no one disputes that Plaintiffs are entitled to fees. The only issue to be determined is the amount of such fees.

---

[9] Although Plaintiffs initially sought $203,370, the Reply seeks additional fees incurred in connection with the instant Motions.  *Compare* (ECF No. 155 at 21) *with* (ECF No. 170 at 19).

### B.  The Lodestar Method of Determining Reasonable Fees

In assessing the reasonableness of a request for attorney's fees in the Eleventh Circuit, courts use the "lodestar" method to calculate an objective estimate of the value of an attorney's services.  *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *see also Padurjan v. Aventura Limousine & Transp. Serv., Inc.*, 441 F. App'x 684, 686 (11th Cir. 2011) (affirming the use of the lodestar method when evaluating an FLSA settlement and plaintiff's request for attorney's fees).   Under the lodestar method, the value of an attorney's services is calculated by multiplying the hours that the attorney reasonably worked by a reasonable rate of pay.  *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Norman*, 836 F.2d at 1299). The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'"  *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303)).

Importantly, courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded."  *Id.* at 428; *see also Padurjan*, 441 F. App'x at 686 (affirming the District Court's use of "independent judgment" when assessing counsel's reasonable rate). When a request for attorney's fees is unreasonably high, courts may "conduct an hour-by-hour analysis" or "reduce the requested hours with an across-the-board cut."  *Bivins v. Wrap it Up Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008); *see also Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2013 WL 6238647, at *17 (S.D. Fla. Dec. 3, 2013) (reducing party's fee request with across-the-board cut based upon billing inefficiencies).  Although courts may apply either method, they cannot apply both.  *Bivins*, 548 F.3d at 1351.  Finally, courts need not become "green-eyeshade

accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011).  Instead, the essential goal for the court is to "do rough justice, not to achieve auditing perfection."  *Id.*

### 1.      Reasonable Hourly Rates

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 (1984)).  The relevant market is "the place where the case is filed." *ACLU*, 168 F.3d at 427 (quotation marks and citation omitted).

Here, the relevant legal community is South Florida.  Plaintiffs seek an award for legal services by five attorneys at the firm Perera Barnhart Aleman ("Perera Barnhart").  *See* (ECF No. 155 at 16-19).  Specifically, three partners worked on this case:  Freddy Perera (at $400/hr), Brody Shulman (at $350/hr), and Valerie Barnhart (at $350/hr).[10]  Two associates were also involved:  Waynice Green (at $325/hr) and Stepanka Hofmanova (first, as a law clerk at $150/hr and then as an attorney at $250/hr).  *See* (ECF No. 155 at 16-19); *see also* (ECF No. 180) (Notice of Previously Awarded Fees and Costs).  Lastly, various paralegals worked on the case and  billed at $125/hr.  (ECF No. 155 at 19); *see also* (ECF No. 155-8 at 12, 15).  In response to Plaintiffs' request for attorneys' fees, Defendants argue that the hourly rates for the respective attorneys and paralegals are excessive and should be reduced.[11]

---

[10] Although attorneys Shulman and Barnhart's reduced their hourly rate on this matter, Plaintiffs agreed that firm partners would bill at $400 an hour.  (ECF No. 155 at 18).

[11] Defendants suggest that more reasonable hourly rates for each attorney would be:  $350 for lead counsel Perera; $300 for partners Barnhart and Shulman; $225 for associate Green; $150 for associate Hofmanova; and $100 for paralegals.  *See* (ECF No. 161 at 18).

### a. Professional Experience

Attorney Perera has been practicing law for approximately nine years and is a 2011 graduate of Nova Southeastern University Shepard Broad Law Center ("Nova Southeastern").[12] (ECF No. 155-3 at 1).  He is a founding partner of Perera Barnhart and has prior legal experience working at national labor and employment firms.  (ECF Nos. 155 at 17 n.4, 155-3).  According to the firm's website, attorney Perera "received the Book Award (highest grade) in several courses during law school, including Employment Law, Contract Law, and Legal Writing [and] received the Most Outstanding Labor and Employment Law School Student award issued by the Labor & Employment Section of the Florida Bar."  *See* https://pba-law.com/personnel/jorge-freddy-perera/ (last visited Feb. 1, 2021).  Attorney Perera has also authored several publications on employment law and has received several awards after graduating from law school.  (ECF Nos. 155 at 17 n.4, 155-3 at 2).

According to Plaintiffs' Motion for Attorneys' Fees, attorneys Barnhart and Shulman "have collectively handled thousands of cases, including a wide range of FLSA matters."  (ECF No. 155 at 18).  Other than this general description, however, the motion does not describe the professional or educational experience and skill level of either attorney.  Nevertheless, this Court's independent review of the firm's website reveals that attorney Barnhart is a founding partner of the firm and a 2010 graduate of Nova Southeastern.  *See* https://pba-law.com/personnel/valerie-barnhart/  (last visited  Feb 1, 2021).  Attorney Barnhart also "advises clients in all aspects of business and risk management, such as contracts, purchase and sale of assets, non-compete agreements, formation of business entities, subcontractor agreements, shareholder agreements,

---

[12] Attorney Perera graduated summa cum laude and was ranked number one in his class.  (ECF No. 155-3 at 1); *see also* https://pba-law.com/personnel/jorge-freddy-perera/ (last visited Feb. 1, 2021).

operating agreements, and data privacy compliance." *Id.*   Attorney Barnhart has also authored several publications and received numerous awards.  *Id.*  According to the firm website, attorney Shulman is also a partner at Perera Barnhart who graduated from the University of Miami Law School.[13]

According to Plaintiffs' Motion for Attorney's Fees, attorney Green is "a well-experienced Senior Associate" at Perera Barnhart and has "handled hundreds of employment law matters."[14] (ECF No. 155 at 18).  Attorney Green is a 2011 graduate of Fordham University School of Law and is admitted to practice in several state and federal courts.  *See* (ECF No. 155-5).  Attorney Hofmanova is an associate at Perera Barnhart, with legal experience in Europe and in Florida. (ECF No. 155 at 19).  At times, she billed as a "Law Clerk" at $150/hr and later as a lawyer at $250/hr.  *Id.*  Although she has a 2017 degree from the Czech Republic, attorney Hofmanova is also a 2019 graduate of Nova Southeastern.  https://pba-law.com/personnel/stepanka-hofmanova/ (last visited Feb. 1, 2021); *see also* https://www.floridabar.org/directories/find-mbr/profile/?num=1018839 (last visited Feb 1, 2021).

Lastly, Plaintiffs request fees for work performed by unnamed paralegals at $125/hr.[15] (ECF No. 155 at 19).

---

[13] The Florida Bar indicates that attorney Shulman graduated in 2011.  *See* https://www.floridabar.org/directories/find-mbr/profile/num=2044 (last visited Feb. 1, 2021).

[14] Attorney Green is no longer listed as an attorney at Perera Barnhart.  The Florida Bar currently lists attorney Green as having her own firm.  *Compare* https://pba-law.com/personnel/ *with* https://www.floridabar.org/directories/find-mbr/ (last visited Feb. 1, 2021).

[15] Although not identified in the motion, the billing records include entries for Nicole Guedes, Tatyanna Howard, and Jessica Santos who, based on their hourly rate, appear to be paralegals. (ECF No. 155-8 at 11-12, 15).

> b. *The Johnson Factors*

In determining reasonable hourly rates in the relevant legal market, the undersigned may also consider certain factors, including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (citing factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (the "*Johnson* factors")).[16]

The Court has considered the relevant *Johnson* factors, and has reviewed the time records and submissions attached to Plaintiffs' Motion for Attorneys' Fees, and the record in this case. *See* (ECF Nos. 155, 155-8); *see also* (ECF No. 180) (Plaintiffs' Notice of Previously Awarded Fees and Costs). Based on this review, and the Court's own judgment and expertise, the Court finds that a reduction of counsel's hourly rates is appropriate for several reasons.

First, Local Rule 7.3(a)(5)(A) requires that a motion for attorneys' fees and costs provide "the identity, experience, and qualifications for each timekeeper for whom fees are sought." S.D. Fla. L.R. 7.3(a)(5)(A); *see also Purcella v. Mercantile Adjustment Bureau, LLC*, No. 18-61268-BLOOM/VALLE, 2019 U.S. Dist. LEXIS 197781, at *10-11 (S.D. Fla. Nov. 13, 2019) (reducing counsel's hourly rates for failure to comply with the local rule). Here, although Plaintiffs' Motion for Attorneys' Fees includes professional background for some attorneys (e.g., Perera, Green), there is little information about the other attorneys (e.g., Barnhart, Shulman, and Hofmanova) and

---

[16] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit issued prior to the close of business on September 30, 1981.

no information about the paralegals. This lack of professional background information warrants a reduction in the claimed rates.

Additionally, although this case was zealously litigated, involving numerous court filings, significant exchange of discovery, frequent discovery disputes, vigorous representation of clients, and several court hearings to address the myriad of legal challenges up until the eve of trial, the legal issues raised were not particularly novel, complex, or difficult. Although the attorneys representing Plaintiffs each have substantial legal experience and impressive credentials, the skills needed in this case fall within the usual realm of a labor law practice and do not warrant a higher hourly rate.[17]

Additionally, the Court is unpersuaded by Plaintiffs' reliance on *Bolton v. Rock N. Massage, Inc.*, No. 19-CV-60008-AOV (S.D. Fla. May 8, 2019) and *Da Silva v. America Expert, LLC*, No. 19-63002-AOV (S.D. Fla. June 25, 2020), two cases in which the undersigned previously approved an FLSA settlement that included legal fees for the same counsel at the rate requested here. (ECF Nos. 155 at 19). *Bolton* and *Da Silva*, however, are distinguishable in that the attorneys' fees and costs were amicably resolved as part of a settlement of the FLSA action. *See, e.g., Snyder v. A1 Prop. Pres., Inc.*, No. 8:12-CIV-2014-T-17, 2013 WL 3155058, at *2 (M.D. Fla. June 19, 2013) (noting that "uncontested awards are not convincing evidence of reasonable market rates") (citations and quotations omitted). Neither case required the Court to conduct a lodestar analysis to determine counsel's hourly rates. Rather, in the context of the parties' agreement to the requested fees, the undersigned considered only "the reasonableness of Plaintiffs' counsel's legal fees to assure both that counsel [was] compensated adequately and that no conflict of interest

---

[17] This is not to say that counsel should be precluded from seeking higher rates in other more complicated cases that may require counsel's expanding experience and skill.

taints the amount a wronged employee recovers under a settlement agreement." *Bolton*, No. 19-6008-AOV (ECF Nos. 51 at 2) and *Da Silva*, No. 19-CV-63002-AOV (ECF No. 45 at 3) (citing to *Silva v. Miller*, 307 F. App'x 349, 351) (11th Cir. 2009).

Here, the parties settled the case as to Plaintiffs' damages, but agreed to have the Court determine reasonable legal fees and costs.  Furthermore, Defendants challenge counsel's hourly rates with both comparative and opinion evidence.  *See, e.g.*, (ECF No. 175) (Notice of Filing Related Case *Alarcon v. J&J, Inc.*, No. 19-62562-CIV-Cohn (S.D. Fla. Oct. 19, 2020) (where U.S. District Judge James I. Cohn awarded reduced hourly rates to the same attorneys as in this case);[18] (ECF No. 169-9 at 9-10) (Lopez Declaration opining that $400/hr is the prevailing market rate for attorneys with over 30 years of experience).  Thus, *Bolton* and *Da Silva* are inapposite.  *Cf. Caplan v. 101 Vapor & Smoke, LLC*, No. 1:18-CV-23049-KMM, 2019 U.S. Dist. LEXIS 142994, at*12 (S.D. Fla. Aug. 21, 2019) (rejecting defendant's argument that in uncontested default judgment cases courts neglect their duty to evaluate reasonableness of the requested hourly rate).

Moreover, a review of FLSA cases with similarly contested fee motions reveals that courts in this District usually reserve awarding the higher hourly rates sought by Plaintiffs for attorneys with many more years of experience.  *See, e.g., Alexandre v. Millenia Housing Mngm't Ltd.*, No. 9:19-CV-80612-RKA (S.D. Fla. March 4, 2020) (ECF No. 62) (recommending award of $400/hr to attorney with 39 years of experience); *Garcia v. Pajeoly Corp.*, No. 18-23399-CIV, 2020 WL 764127, at *3 (S.D. Fla. Jan. 10, 2020), *report and recommendation adopted*, No. 18-CV-23399-

---

[18] During the pendency of the instant action, Plaintiff Alarcon filed a separate case in this District against the corporate Defendant and John Field for alleged retaliation based on a purported unwanted physical contact between Plaintiff Alarcon and Defendant John Field following a deposition.  *See Alarcon v. J&J, Inc.*, No. 19-62562-CIV-Cohn (S.D. Fla. Oct. 19, 2020) (ECF No. 1) (hereinafter, the "Retaliation Action").  In the settlement of the instant case, the parties also settled the Retaliation Action.  *See generally* (ECF No. 150); *see also* Retaliation Action (ECF No. 14) (Joint Notice of Settlement and Voluntary Dismissal).

CIV, 2020 WL 764035 (S.D. Fla. Jan. 31, 2020) (awarding hourly rates of $375 and $325 to attorneys with approximately 25 and 10 years of experience, respectively); *see also Caruso v. Titan List & Mailing Servs., Inc.*, No. 17-62160-CIV, 2018 WL 5620279, at *1 (S.D. Fla. Oct. 30, 2018) (granting $395/hr to attorney with 19 years of experience); *Salinas v. Ramsey*, No. 03-22046-CIV, 2018 WL 6807341, at *2 (S.D. Fla. Sept. 26, 2018), *report and recommendation adopted*, No. 03-22046-CIV, 2018 WL 6807313 (S.D. Fla. Oct. 31, 2018) (recommending $375/hr for attorney with approximately 20 years of experience).

Lastly, the Court is "deemed an expert on the issue of hourly rates in this community and may properly consider 'its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'" *Fiedler v. Anglin's Beach Café, LLC*, No. 15-60989, 2017 U.S. Dist. LEXIS 189449, 2017 WL 1278632, at *1 (S.D. Fla. April 3, 2017) (quoting *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)). Accordingly, based on their experience, qualifications, and the prevailing market rates in South Florida, the undersigned recommends that $350 is a reasonable hourly rate for the work performed by partners Perera, Shulman, and Barnhart.[19]  Additionally, $250 and $200 are reasonable hourly rates for the work performed by associates Green and Hofmanova, respectively.[20]  Lastly, in the absence of any background information regarding the education,

---

[19] This hourly rate was awarded to the same attorneys by other Judges in this District.  *See Retaliation Action* before the Honorable James I. Cohn; *Gayle v. Spark of Hope*, LLC, No. 18-60345-CIV, 2019 WL 3412157, at *3 (S.D. Fla. June 3, 2019) (before U.S. Magistrate Judge Lurana S. Snow), *report and recommendation adopted,* No. 0:18-CV-60345, 2019 WL 3408909 (S.D. Fla. June 21, 2019).

[20] Attorney Green was previously awarded $250 an hour for an FLSA case in this District.  *Gayle*, 2019 WL 3412157, at *3.

skills and experience of the paralegals, $100 is a reasonable hourly rate for the work performed by paralegals.[21]

### 2.     Reasonable Hours Expended

Having determined the reasonable hourly rates, the undersigned next addresses the reasonableness of the hours expended by the attorneys working on the case.  As a general rule, attorneys must exercise what the Supreme Court has termed "billing judgment."  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  That means they must exclude from fee applications "excessive, redundant, or otherwise unnecessary hours," which are hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel."  *Norman,* 836 F.2d at 1301 (quotations and citations omitted).

 Importantly, "if fee applicants do not exercise billing judgment, courts are obligated to do it for them."  *ACLU*, 168 F.3d at 428.  The fee applicant also bears the burden of providing specific and detailed evidence so that the court can determine the necessity and reasonableness of the time claimed for the action.  *Id.* at 427, 432-33.  In the end, however, "exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court."  *Norman*, 836 F. 2d at 1301.

---

[21]  The table below summarizes the adjusted hourly rates for counsel.

| Attorney | Approximate Years of Experience (Law School Graduation Date) | Requested Hourly Rate (ECF No. 155 at 18-19) | Adjusted Hourly Rate |
|---|---|---|---|
| Perera | 9 (2011) | $400 | $350 |
| Schulman | 9 (2011) | $350 | $350 |
| Barnhart | 10 (2010) | $350 | $350 |
| Green | 9 (2011) | $325 | $250 |
| Hofmanova | 1.5 (2019) | $150/$250 | $200 |
| Paralegals | Unspecified | $125 | $100 |

The Court has reviewed counsel's billing records and finds that an adjustment is necessary to account for various billing inefficiencies. *See generally* (ECF No. 155-8). First, the time entries include instances of inappropriate "block billing." "Block billing" is the practice of including multiple distinct tasks within the same time entry. *See Interim Healthcare, Inc. v. Health Care@Home, LLC*, No. 17-CV-61378, 2019 WL 6791465, at *6 (S.D. Fla. Nov. 27, 2019) (citation omitted), *report and recommendation adopted*, No. 17-CV-61378, 2019 WL 6769666 (S.D. Fla. Dec. 12, 2019). To illustrate, without indicating how much time was spent on each task, attorney Perera billed 7.5 hours on 10/2/2019 for "[p]re-deposition discussions with Plaintiffs as final preparation for depositions; attending and defending depositions for both named Plaintiffs; post deposition discussions with Plaintiffs." (ECF No. 155-8 at 24). Similarly, on 10/21/2019, attorney Perera billed 5.5 hours for "[p]re-mediation meeting with all Plaintiffs; attendance and participation in mediation; post-mediation meeting with Plaintiffs." (ECF No. 155-8 at 25).[22] While the undersigned does not doubt that counsel worked in good faith on the projects attributed to this case, the Court must be able to verify the need or relatedness of those projects before it can approve payment for the time incurred. *Interim Healthcare*, 2019 WL 6791465, at *6 (citation omitted). Because of block billing, however, it is impossible for the undersigned "to ascertain how much time was spent on each task." *Dial HD, Inc. v. ClearOne Commc'ns, Inc.*, 536 F. App'x 927, 931 (11th Cir. 2013).

---

[22] The following entries provide additional examples of block billing: (i) 7/11/2019 entry for 4 hours for "[m]eeting with client for in person settlement conference preparation; attendance and participation in settlement conference;" (ii) 12/20/2019 entry for 5.2 hours for "[a]ttendance and participation in second settlement conference requested by Defendants; travel to and from settlement conference in West Palm Beach;" and (iii) 2/11/2020 entry for 2.5 hours for "[a]nalysis and review of Defendants' motion to disqualify magistrate; conducting research to oppose same; drafting response." (ECF No. 155-8 at 19, 27, 30).

Further, the billing records reveal that, on several occasions, more than one attorney billed for reviewing and/or working on the same documents and attending the same court proceedings. *Compare,* (ECF No. 155-8 at 3) (3/1/2019 entry for attorney Barnhart for drafting discovery requests for Eagle Panting and the individual Defendants) *with* (ECF No. 155-8 at 17) (4/29/2019-4/30/2019 entries for attorney Perera where he also drafted, edited, and revised discovery requests for Eagle Painting and the individual Defendants).[23]   Although "[t]here is nothing inherently unreasonable about a client having multiple attorneys[,] a reduction for redundant hours is warranted only if the attorneys are unreasonably doing the same work.  An award for time spent by two or more attorneys is proper as long as it reflects the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation."  *Barnes*, 168 F.3d at 432 (concluding that it was an abuse of discretion to fail to exclude attorney's fees for duplicative work and for the presence of multiple attorneys at court proceedings) (citation omitted).  Thus, Plaintiffs are entitled to recover for the hours of multiple attorneys only if they satisfy their burden of showing that the time spent by those attorneys reflects the *distinct contribution* to the case by each lawyer and is the customary practice of multiple-lawyer litigation.  *Id.*  This is not a make-believe burden.  *Id.*  Here, Plaintiffs argue that this was "standard collaboration that occurs when multiple lawyers perform separate work in connection with the same filing or item."  (ECF No. 170 at 16 n.30).  But this one-line is insufficient.  Missing from the billing records and briefs is an

---

[23] Further examples include: (i) 3/13/2019, 3/16/2019, and 3/20/2019 entries for attorney Barnhart drafting complaint; (ii) 6/4/2019 entries for attorney Barnhart finalizing discovery request to Eagle Painting and individual Defendants; (iii) 3/19/2019 entry for attorney Perera drafting, editing, and revising collective action complaint; (iv) 4/22/2019, 4/24/2019, and 4/26/2019 entries for attorney Perera for drafting, editing, and revising the motion for collection action; (v) 4/25/2019 entry for attorney Shulman reviewing and editing motion for certification and declaration; and (vi) 9/26/2019 entries for attorneys Perera, Barnhart, and Shulman for attending discovery hearing before the undersigned.  (ECF No. 155-8 at 3, 5, 7, 16, 17, 18, 35).

explanation of the *distinct contribution* that each attorney made to the tasks.  *Barnes*, 168 F.3d at

432.  Accordingly, Plaintiffs have not met their burden to recover for counsel's duplicative work,

which further supports a reduction in the number of hours expended.[24]

Lastly, a deduction is also warranted to account for time spent in the performance of non-

legal administrative and clerical tasks.  *See, e.g., Interim Healthcare*, 2019 WL 6791465, at *6

(recommending reduction in fees for time spent on clerical tasks); *Oreilly v. Art of Freedom Inc.*,

No. 17-CV-21251, 2018 WL 6616445, at *4 (S.D. Fla. Dec. 14, 2018) (holding that "fees incurred

in commission of non-legal or administrative tasks are not compensable."); *S.E.C. v. Kirkland*, No.

6:06-CV-183-Orl-28KRS, 2008 WL 3981434, at *4 (M.D. Fla. Aug. 21, 2008) (recommending a

5% reduction for non-compensable, administrative work performed by paralegals).  Here, the

billing records contain several entries reflecting clerical and administrative tasks, such as verifying

addresses, printing envelopes, and calendaring/ reviewing scheduling order.  *See, e.g.,* (ECF No.

155-8 at 15) (8/29/2019 entries of Tatyanna Howard); (ECF No. 155-8 at 33) (3/22/2019 and

4/30/2019 entries for Jessica Santos).

For the foregoing reasons, the undersigned concludes that a reduction in the number of

hours expended is appropriate.  Rather than conducting an hour-by-hour analysis of counsel's time

entries, the undersigned recommends an across-the-board 15% reduction to the number of hours

requested  by each attorney to account for counsel's billing inefficiencies.  *See, e.g.*, *Interim*

*Healthcare*, 2019 WL 6791465, at *6 (recommending a 10% reduction for billing inefficiencies);

---

[24] The billing records also reflect that individual attorneys engaged in duplicative tasks on different days, without distinguishing how the task may have differed from one day to another.  *See, e.g.*, (ECF No. 155-8 at 12, 13) (3-hour entry on 8/14/2019 and 4-hour entry 8/16/2019 for attorney Hofmanova both for "[c]reating a list of [d]eficiencies in Defendant's response to Plaintiff's first request for production"); (6.5-hour entry on 10/17/2019 and 7-hour entry on 10/18/2019 both for "[c]reating excel chart and calculating damages for each Plaintiff . . .").

*Ovalle v. Perez*, No. 16-CV-62134, 2017 WL 7792719, at *2 (S.D. Fla. Nov. 9, 2017), *report and*

*recommendation adopted*, No. 16-CV-62134-CIV, 2017 WL 7796183 (S.D. Fla. Nov. 30, 2017)

(adopting a 10% reduction for use of block billing, redacted time entries, and redundancy in

efforts); *Shipping and Transit, LLC v. 1A Auto, Inc.*, 283 F. Supp. 3d 1290 (S.D. Fla. 2017)

(adopting 15% reduction in fees based on billing inefficiencies); *Rubenstein v. Fla. Bar*, No. 14-

CV-20786, 2015 WL 1470633, at *4-6 (S.D. Fla. Mar. 31, 2015), *report and recommendation*

*adopted*, No. 14-CIV-20786, 2015 WL 11216722 (S.D. Fla. Apr. 22, 2015) (adopting a 30%

reduction to counsel's hours for use of block billing); *see also Bivins*, 548 F.3d at 1350 (noting

that when the number of hours claimed is unreasonably high, a court may conduct an hour-by-hour

analysis or may reduce the requested hours with an across-the-board cut).  Accordingly, as detailed

in the table below, Plaintiffs' counsel should be awarded $159,273 in attorneys' fees.[25]

### III.   MOTION FOR BILL OF COSTS

In addition to fees, the FLSA provides for costs to the prevailing party.  29 U.S.C. § 216(b)

("The court in [an FLSA action] shall, in addition to any judgment awarded to the plaintiff or

plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").

---

[25]

| RECOMMENDED ATTORNEYS' FEE AWARD | | | | |
|---|---|---|---|---|
| Attorney | Hours Requested (ECF No. 155-8) | Reduced Hourly Rate | Hours with 15% Reduction | Amount Awarded |
| Freddy Perera | 321.2 (p. 16) | $350 | 273.02 | $95,557 |
| Valerie Barnhart | 65.3 (p. 2) | $350 | 55.5 | $19,425 |
| Brody Shulman | 104.1 (p. 34) | $350 | 88.48 | $30,968 |
| Waynice Green | 13.5 (p. 9) | $250 | 11.475 | $2,868 |
| Stepanka Hofmanova | 59.5 (p. 12) | $200 | 50.575 | $10,115 |
| Paralegals | 4 (pp. 12, 15) | $100 | 3.4 | $340 |
|  |  |  |  | **$159,273** |

The Court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920, but the Court may not tax as costs anything not authorized by the statute. *See, e.g., Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-42 (1987).[26]

Here, Plaintiffs request reimbursement for $10,240 in costs for the items listed below.[27] (ECF No. 152 at 3-4).   Defendants  challenge three cost categories.  Specifically, Defendants contest the costs of certain: (i) translation and interpretation services; (ii) photocopies and printing; and (iii) service of a subpoena to defense counsel Padula Bennardo Levine, LLP ("PBL").   *See generally* (ECF No. 153).  Accordingly,  because the items with no objection are supported by

---

[26] The particular items that may be taxed as costs under § 1920 include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923 of this title; (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828.

[27]  Plaintiffs seek to recover the following costs:

| Item | Amount |
| --- | --- |
| File Fee | $400 |
| Service of Process | $210 |
| Translation of Alarcon Declaration | $93.15 |
| Court Reporter for John Field Deposition | $400 |
| Spanish Interpreter for Settlement Conference | $300 |
| Translation for Certification Document | $108 |
| Translation for Notice to be Sent to Putative Class Members | $257.30 |
| Copies for Distributing Notice | $90 |
| Transcript for John Field Deposition | $720 |
| Interpreter for Alarcon Deposition | $1,365 |
| Service for Subpoena on Padula Bennardo Levine, LLP | $35 |
| Court Reporter for Janet Field Deposition | $370 |
| Copy/Printing costs for case documents used for party depositions and trial preparation | $2,033.60 |
| Transcript for Janet Field Deposition | $1,288.55 |
| Deposition Transcripts for Plaintiffs Garcia and Alarcon | $1,232.90 |
| Deposition Transcripts for Opt-In Plaintiffs Agudelo and Corrales | $1,336.85 |
| | |
| Total Costs Sought | $10,240 |

invoices (*see* ECF No. 152-2), the Court finds that they recoverable and reasonable for this case. The discussion below, therefore, focuses on the specifically challenged costs.

### A.   Translation and Interpretation Services

Section 1920 expressly allows for compensation of interpreters.  28 U.S.C. § 1920(6). Here, however, Defendants challenge the costs for the translation of Alarcon Declaration ($93.15), the Spanish interpreter for the settlement conference ($300), and the interpreter for the Alarcon deposition ($1,365).  (ECF No. 153 at 3-6).  Defendants argue that Plaintiffs have failed to show the need for Spanish interpretation services and never indicated that they were unable to understand English. *Id*.

Notably, the District Judge expressly ordered that "approved Class Notice and Consent to Opt-In and Join Collective Action in both English and Spanish [be] sent to putative class members . . ." (ECF No. 44 at 1).  Moreover, the record contains sufficient uncertainty about whether Plaintiffs sufficiently understood English and how the parties communicated prior to and during the litigation.  Accordingly, the record supports Plaintiffs' argument that translation and interpreter services where necessary to this action.  Thus, Plaintiffs should be reimbursed for these costs.  *See, e.g.*, *Ovalle*, 2017 WL 7792719, at *5 (concluding that translation services were critical to understanding the evidence and the cost of two interpreters was necessary and reasonable); *Rodriguez v. Marble Care Int'l, Inc*., 862 F. Supp. 2d 1316, 1321 (S.D. Fla. 2012) (recommending approval of costs for interpreter used at plaintiffs' deposition).

### B.   Copying/Printing Costs

Plaintiffs seek to recover $2,033.60 for photocopying/printing costs used for "party

deposition and trial preparation."[28]   (ECF Nos. 152 at 4, 154 at 33).   Defendants argue that

Plaintiffs provided insufficient evidence regarding the necessity and use of the copies.   (ECF

No. 153 at 5).   "Fees for exemplification and the costs of making copies of any materials where

the copies are necessarily obtained for use in the case" are recoverable under 28 U.S.C. § 1920(4).

The prevailing party cannot make unsubstantiated claims that copies of the documents were

necessary. *Alexsam, Inc. v. WildCard Sys., Inc.,* No. 15-CV-61736, 2019 WL 2245420, at *6 (S.D.

Fla. Feb. 13, 2019), *report and recommendation adopted*, No. 15-CV-61736, 2019 WL 1010241

(S.D. Fla. Mar. 4, 2019) (citation omitted); *Arnold v. Heritage Enters. of St. Lucie, LLC*, No. 13-

14447-CIV, 2017 WL 8794776, at *3 (S.D. Fla. Sept. 21, 2017), *report and recommendation

adopted*, No. 13-14447-CIV, 2018 WL 1795446 (S.D. Fla. Jan. 11, 2018) (adopting reduction in

amount claimed for exemplification and copies or failing to demonstrate that copies were

necessary).   Rather, the party moving for taxation of costs must present evidence "regarding the

documents copied including their use or intended use."   *Cullens v. Georgia Dept. of Trans.*, 29

F.3d 1489, 1494 (11th Cir. 1994); *Monelus v. Tocodrian, Inc*., 609 F. Supp. 2d 1328, 1332-33

(S.D. Fla. 2009).

Here, Plaintiffs argue that although thousands of copies were made throughout the case,

the copies at issue in this motion "represent two (2) copies of the trial documents Defendants

identified" in their Trial Exhibit List (ECF No. 135-2 at 3) (Item 54) (listing documents J&J 0001-

5084).   (ECF No. 154 at 7).   Plaintiffs also emphasize that the case settled on the eve of trial, so

that Plaintiffs were able to repurpose deposition binders for trial preparation.   *Id.* at 7.   Based on

Plaintiffs' representation regarding the multi-purpose use of the copies, the supporting invoice

---

[28] The invoice dated December 19, 2019 was for 10,168 copies at .20 per page, for a total of
$2,033.60.   (ECF No. 152-2 at 21).

reflecting the number of pages and per page cost (which equal twice the number of pages on Defendants' Trial Exhibit List), and settlement of the case on the eve of trial (so that trial materials had long been prepared), the undersigned finds that the copies at issue were necessarily obtained for use in the case and are, therefore, recoverable.

### C.  Service of Process

Plaintiffs request $35 for service of process of a subpoena on defense counsel PBL seeking video footage of an alleged unwanted physical contact between Plaintiff Alarcon and Defendant John Field.  (ECF No. 152 at 3, 154 at 33).  28 U.S.C. § 1920(1) permits the court to award fees for private process fees, so long as they do not exceed the fees permitted by the statute.[29]  *Monelus*, 609 F. Supp. 2d at 1332-33.  Here, Defendants assert that the subpoena to PBL related to the separate Retaliation Action.  (ECF No. 153 at 7).  Plaintiffs argue, however, that the subpoena was "aimed at addressing [Defendant John Field's] credibility given his divergent explanation of the assault," even if also relevant in the separate Retaliation Action.  (ECF No. 154 at 10).

Based on the record before the Court, the undersigned finds that the subpoena to PBL was sufficiently related to the claims and issues in this case, such that Plaintiff should recover the cost of service.

In sum, the undersigned is unpersuaded by Defendants' challenge to the costs incurred for: (i) translation and interpretation services; (ii) photocopies and printing; and (iii) service of a subpoena to PBL.  Accordingly, Plaintiffs should recover $10,240, the full amount of costs.

---

[29] 28 C.F.R. § 0.114 provides that fees charged by the United Sates Marshals Service for personal service of process are $65 per hour.  *See also Monelus*, 609 F. Supp. 2d at 1333.

## IV.  **RECOMMENDATION**

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that Plaintiffs' Motion in Support of Bill of Costs (ECF No. 152) be **GRANTED**.  Plaintiffs should be awarded $10,240 in costs.  Further, Plaintiffs' Verified Motion for Attorneys' Fees (ECF No. 155) should be **GRANTED IN PART AND DENIED IN PART**.  Plaintiffs should be awarded a total of  $159,273 in fees.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. J. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2020); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on February 1, 2021.

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:  U.S. District Judge Beth Bloom
       All Counsel of Record